CHARLES J. GAYLER AND LEONARD BROWN, PLAINTIFFS IN ERROR, *v.* BENJAMIN G. WILDER.

After a case has been decided, and judgment pronounced by this court, it is too late to move to open the judgment for the purpose of amending the bill of exceptions, upon the ground that material evidence which might have influenced the judgment of this court was omitted in the bill.

If there was any error or mistake in framing the exception, it might have been corrected by a *certiorari*, if the application had been made in due time and upon sufficient cause. But after the parties have argued the case upon the exception, and judgment has been pronounced, it is too late to reopen it.

AT a subsequent day of the term a petition was filed by the plaintiffs in error, that the foregoing case might be reopened for the purpose of amending the bill of exceptions, and reargued on such amended bill.

The petition recited certain portions of the opinion of this court in the case relating to the Conner safe, wherein the court, after recapitulating the evidence applicable thereto, as

43 *

well as the instruction given by the court below, decide that there was no error in such instruction, which " put it to the jury to say, whether this safe had been finally forgotten or abandoned before Fitzgerald's invention, and whether he was the original inventor of the safe for which he had obtained the patent; directing them, if they found these two facts, that their verdict must be for the plaintiff." The petition then avers, that the existence and use of the Conner safe, from the time of its construction to the time of the trial, was proved in the court below, and that it was so stated in a bill of exceptions prepared by the counsel of the petitioners and submitted to the court. That the original plaintiff did not make any specific objections to petitioners' statement of the evidence as to the Conner safe (as is alleged to be the practice settled by the Supreme Court of New York), but proposed a different bill of exceptions as a substitute therefor, which the court below adopted against the remonstrance of petitioners' counsel. The petition then insists that, if the facts stated in petitioners' bill of exceptions respecting the Conner safe had been set forth substantially in any bill of exceptions, this court, upon the principles contained in their opinion, must have determined this cause in favor of plaintiffs in error.

*Mr. Coxe* moved for a reargument on the grounds stated in the petition.

Mr. Chief Justice TANEY delivered the opinion of the court.

This case was argued early in the present term, and the judgment of the Circuit Court affirmed.

A motion is now made to open the judgment for the purpose of amending the bill of exceptions and rehearing the case, upon the ground that material evidence offered by the plaintiffs in error, which might have influenced the judgment of this court, has been omitted in the bill of exceptions contained in the record.

If any error or mistake was committed in framing this exception, it might undoubtedly have been corrected by a *certiorari*, if the application had been made in due time and upon sufficient cause. But this application is too late, even if the evidence which the plaintiffs in error propose to introduce would have influenced the decision. We by no means intend to say that it would have done so. But they rested satisfied with the exception as it stood; made no objection to it here; and argued the case and awaited the judgment of the court upon the evidence as stated in the exception. After that judgment has been pronounced, it is too late to say that the statement was imperfect or erroneous, and to make a new case by the introduction of new evidence, and a new exception.

The motion is therefore overruled.